### W. O. KING v. STATE.

No. A-4506.     Opinion Filed April 2, 1924.
(224 Pac. 376.)

(Syllabus.)

**Intoxicating Liquors—Evidence Sustaining Conviction for Unlawful Possession.** Evidence, upon a trial of an information charging that the defendant did have possession of intoxicating liquors with the intention of selling the same, considered, and held sufficient to sustain a conviction.

Appeal from County Court, Roger Mills County; E. E. Tracy, Judge.

W. O. King was convicted of violating the prohibitory liquor law, and he appeals. Affirmed.

W. H. Mouser, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. This appeal is from a judgment of conviction rendered on a verdict of a jury finding the defendant, W. O. King, guilty on a charge that he did have in his possession four gallons of whisky with the unlawful intent to sell the same, the punishment having been assessed at a fine of $300 and confinement for 30 days in the county jail.

The errors assigned are that the verdict is not sustained by sufficient evidence; that the court erred in rejecting certain testimony and in not granting a new trial on the ground of error in the instructions given.

The undisputed facts as shown by the testimony of the sheriff and undersheriff are that in executing a search warrant with some federal enforcement officers they found in defendant's house about four gallons of whisky in one-half gallon fruit jar containers.

Testifying as a witness in his own behalf the defendant stated:

"I live three miles and one-half west of Cheyenne, the officers found four gallons of whisky at my home, I found this whisky in some weeds near the Mammoth bridge, about 100 yards from the house; I took it to the house; I just drank a little out of one jar; I had no intention of selling it or giving it away or otherwise furnishing it to any other person."

A careful reading of the record convinces us that no error prejudicial to the substantial rights of the defendant was committed on the trial. No objection was made or exception taken to the instructions given by the court. It was for the jury to judge of the weight of the evidence and the credibility of the witnesses.

The judgment of the lower court is accordingly affirmed.

MATSON, P. J., and BESSEY, J., concur.